IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

HK HARPER,

      Plaintiff,

v.                                        Civil Action No:

                                          Judge

CDF Distributors, LLC,

      Defendant.                        (Jury Trial Requested)

_____/

# COMPLAINT

CDF Distributors ignored the plain language of Title VII of the Civil Rights Act of 1964 when it allowed manager Jonathon Muro to discriminate against Plaintiff HK Harper and create a hostile work environment based on his race. It further ignored the prohibition of state and federal civil rights laws when it retaliated against Plaintiff by terminating him after he repeatedly complained to supervisors and HR of racist and discriminatory comments made by Mr. Muro, including a complaint made just before CDF terminated him. Mr. Harper brings this complaint of racial harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Tennessee Human Rights Act, and 42 U.S.C. § 1981.

## JURISDICTION AND VENUE

1.      This is an action for declaratory and monetary relief caused by Defendant's violations under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *e. seq*. ("Title VII"), the Tennessee Human Rights Act, § 4-21-101 *et seq* ("THRA"), and 42 U.S.C. § 1981.

2.      The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

3. Plaintiff complied with all conditions precedent to the filing of his claims pursuant to 42 U.S.C.§2000e *et seq.*, to wit: a charge of discrimination against Defendant was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice. The EEOC issued Plaintiff a Notice of Right to Sue and this action was commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

4. Plaintiff, HK Harper, an African American male, is a former employee of CDF Distributors. Mr. Harper resided in Gallatin (Sumner County) Tennessee at all relevant times.

5. Defendant CDF Distributors ("CDF") is a Tennessee Corporation licensed to transact business in Tennessee. The principal office for CDF is located in Gallatin, TN. Its registered agent for CDF is Wayne Foreman, 254 W. Eastland St., Gallatin, TN 37066-2704. At all relevant times, CDF employed Plaintiff. At all material times, Defendant has been an employer as defined by the Tennessee Human Rights Act and Title VII of the Civil Rights Act of 1964.

## FACTUAL BACKGROUND

6. CDF hired Mr. Harper as a Customer Service Representative in August 2019, at which time Mr. Harper was the only Black employee in his department.

7. CDF has 57 employees.

8. Within only a few months of his employment, CDF began discriminating against Mr. Harper.

9. While CDF employees were celebrating former President Donald Trump's acquittal, Mr. Harper's co-worker at the time, Jonathan Muro, a Hispanic male, commented to Mr. Harper that former President Barack Obama was not a real president because "an African can't run this country."

10. Soon after, Mr. Muro emailed Mr. Harper a video that attempted to prove that former President Obama was African.

11. Mr. Harper immediately reported these comments to his supervisor. Upon information and belief, the supervisor took no action to address the discriminatory acts.

12. In January 2021, Mr. Muro was promoted to Manager. Soon after the promotion Mr. Muro stated, "I'm coming for this guy," in reference to Mr. Harper.

13. Around this time, CDF began changing its policies and procedures and providing Customer Service Representatives scripts and one-liners for their calls.

14. Within a month of his promotion to management, Mr. Muro placed Mr. Harper on a Performance Improvement Plan regarding what Mr. Harper was doing to "step up" and his utilization of the script one-liners, despite the very recent changes that all employees were adjusting to. According to Mr. Muro's notes, he gave Mr. Harper one week to "really step up."

15. Mr. Muro began a pattern of micromanaging Mr. Harper's work and documenting whenever Mr. Harper would leave his desk or be off his phone. Mr. Muro did not treat the other employees in the same manner.

16. In April 2021, Mr. Harper asked Mr. Muro about providing a discount to a customer, to which Mr. Muro replied that the customer was trying to, "Jew you down." Mr. Muro said this multiple times, making Mr. Harper and fellow employees uncomfortable. Mr. Harper told Mr. Muro these comments were disrespectful and discriminatory.

17. Further, Mr. Harper reported these comments to the Vice President, Mike Marable, and Human Resources, Patricia Jeffrey. Ms. Jeffrey responded that Mr. Muro said Mr. Harper was not a team player and, upon information and belief, neither Mr. Marable nor Ms. Jeffrey took action regarding Mr. Muro and discriminatory comments.

18. In May 2021, Mr. Muro was looking at a picture of the Powerpuff Girls and Mojo Jojo. The Powerpuff Girls is a cartoon featuring three white "heroes" and a monkey "villain." Mr. Muro told Mr. Harper, a Black male, that he would be Mojo Jojo, the monkey villain character.

19. Mr. Harper immediately reported this discriminatory comment to Mr. Marable, who informed him to report this comment to Ms. Jeffrey. Ms. Jeffrey told Mr. Harper she would look into the complaint.

20. A week later, Ms. Jeffrey contacted Mr. Harper and informed him that another white employee stated that Mr. Harper took the "Mojo Jojo" comment out of context. As a result, HR closed the investigation and, upon information and belief, did not discipline Mr. Muro.

21. Around this time, Mr. Harper was written up for being tardy. However, other employees who were regularly tardy were not written up.

22. Approximately one month later, in June 2021, Mr. Muro told Mr. Harper that he had an "attitude" when Mr. Harper asked him a question. As a result, Mr. Harper requested a meeting with management and Mr. Muro. Mr. Muro agreed and brought in manager Joel Muro, his brother. Mr. Harper requested another manager attend.

23. During this meeting, Mr. Harper made a complaint of a hostile work environment due to the racist and discriminatory comments made by Mr. Muro.

24. Mr. Harper suggested a transfer as a possible resolution.

25. Instead, CDF terminated him the same day.

26. CDF informed Mr. Harper that he was being terminated due to performance and attendance.

27. However, Mr. Harper had only received one write-up regarding tardiness, one month prior, after he reported Mr. Muro's Mojo Jojo comment.

4

Case 3:22-cv-00425   Document 1   Filed 06/10/22   Page 4 of 10 PageID #: 4

## Count I
### (Race Discrimination- Title VII)

28. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

29. It is a violation of Title VII for employers to discriminate against employees based on race.

30. Plaintiff was subjected to a continuing and on-going campaign of harassment and discrimination in Defendant's workplace because of his race, African American, in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

31. Plaintiff reported and/or protested incidents of discrimination and harassment to his managers and to the human resources department. Defendant failed to remedy and/or prevent race harassment in the workplace.

32. Defendant is vicariously liable for the discrimination and harassment perpetrated by management and is liable for failing to remedy harassment in the workplace.

33. Defendant took adverse employment actions against Plaintiff in failing and refusing to investigate his complaints of discrimination and harassment, failing to take prompt remedial action, and in terminating him the same day he complained of a hostile work environment due to the racist and discriminatory comments made by his supervisor, Jonathon Muro, Defendant's actions violated Title VII of the Civil Rights Act of 1964.

34. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and lost earnings and benefits.

## Count II
### (Retaliation- Title VII)

35. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

36. It is the public policy and federal law that employees must be able to exercise their rights under state and federal law without fear of reprisal or penalty from an employer.

37. Plaintiff objected to and protested race harassment/discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

38. Contrary to the public policy and federal law, as well as in violation of Title VII, Defendant retaliated against Plaintiff by terminating him after he objected to and complained of race discrimination and made multiple complaints of racist and discriminatory comments made by his supervisor, including his last complaint in which he was immediately terminated after.

39. These adverse employment actions were in retaliation for the exercise of his rights to oppose racial discrimination in the workplace.

40. As a result, Plaintiff has been damaged and is entitled to recover damages for suffering emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, and loss of earnings and benefits.

## COUNT III
### (Race Discrimination/Harassment under THRA)

41. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

42. Plaintiff was subjected to a continuing and on-going campaign of race harassment and discrimination in Defendant's workplace because of his race, African American.

43. Plaintiff reported and/or protested incidents of discrimination and harassment to his managers and to the human resources department. Defendant failed to remedy and/or prevent race harassment in the workplace.

44. Defendant is vicariously liable for the discrimination and harassment perpetrated by management and is liable for failing to remedy harassment in the workplace.

45. Defendant took adverse employment actions against Plaintiff in failing and refusing to investigate his complaints of discrimination and harassment, failing to take prompt remedial action, and in terminating him the same day he complained of a hostile work environment due to the racist and discriminatory comments made by his supervisor, Jonathon Muro, Defendant's actions violated the Tennessee Human Rights Act.

46. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional and physical injury, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, lost earnings, attorney's fees, costs, interest and any other legal and equitable relief to which he may be entitled.

## COUNT IV
### Retaliation under THRA

47. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

48. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

49. Plaintiff objected to and protested race harassment/discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under the Tennessee Human Rights Act.

50. Contrary to the public policy and state law, as well as in violation of the THRA , Defendant retaliated against Plaintiff by terminating him after he objected to and complained of race discrimination and made multiple complaints of racist and discriminatory comments made by his supervisor, including his last complaint in which he was immediately terminated after.

51. These adverse employment actions were in retaliation for the exercise of his rights to oppose racial discrimination in the workplace.

52. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## COUNT IV
### (Race Discrimination/Harassment under 42 U.S.C. § 1981)

53. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

54. Plaintiff is an African American and was singled out for harassment and discrimination on the basis of his race.

55. Upon information and belief, non-Black employees were not subjected to the type of harassment, strict scrutiny, micromanagement, microaggressions, and derogatory terms and conditions of employment that Plaintiff suffered.

56. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## COUNT IV
### (Retaliation under 42 U.S.C. § 1981)

57. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

58. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

59. It is the public policy and law of the United States that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

60. Plaintiff objected to and protested race harassment/discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under 42 U.S.C. § 1981.

61. In violation of 42 U.S.C. § 1981, Defendant terminated Plaintiff's employment in retaliation for exercising his rights under 42 U.S.C. § 1981.

62. Defendant retaliated against Plaintiff because of his protected activity by taking adverse action against Plaintiff. Defendant terminated Plaintiff after he made multiple complaints of racist and discriminatory comments made by his supervisor, including one complaint made on the same day of his termination. An adverse employment action of termination in such quick temporal proximity to the protected activity establishes causation. As a result of Plaintiff's complaints and protests of race harassment/discrimination in the workplace, Defendant terminated his employment for a pretextual reason.

63. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests:

1. A jury trial;

2. Declaratory relief that Defendant violated Plaintiff's Civil Rights;

3. Back pay and damages for lost benefits;

4. Reinstatement or front pay;

5. Compensatory damages for embarrassment, humiliation, stress, anxiety, inconvenience, and loss of enjoyment of life;

5. Attorneys' fees and expenses;

6. Punitive damages;

7. Prejudgment interest and, if applicable, post-judgment interest; and

8. Such other and further legal or equitable relief to which he may be entitled under the law.

Respectfully submitted,

HMC CIVIL RIGHTS LAW, PLLC

*/s Heather Moore Collins*
Heather Moore Collins BPR # 026099
Caroline Drinnon BPR # 037016
Ashley Shoemaker Walter BPR # 037651
HMC Civil Rights Law PLLC
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@hmccivilrights.com
caroline@hmccivilrights.com
ashley@hmccivilrights.com

*Attorneys for Plaintiff*